IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GLENN D. GROSS,<br><br>Plaintiff,<br><br>v.<br><br>LYONS, DOUGHTY & VELDHUIS, P.C.,<br><br>Defendant. | Civil No. 18-07963 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

**THIS MATTER** arises from Defendant Lyons, Doughty & Veldhuis, P.C.'s Motion to Dismiss Plaintiff Glenn D. Gross's putative class action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 15]. For the reasons set forth below, Defendant's motion is **GRANTED**.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Glenn D. Gross ("Plaintiff"), a resident of Passaic County, New Jersey, owed debt on his personal credit card. Pl.'s Compl. [Doc. No. 1] ¶¶ 11–14. Lyons, Doughty & Veldhuis, P.C. ("Defendant") assumed Plaintiff's debt. *Id.* at ¶¶ 15–17. On or about October 11, 2017, Defendant sent Plaintiff a written communication ("Defendant's letter") in connection with the collection of the alleged credit card debt. *Id.* at ¶ 22. Defendant's letter was the first communication Plaintiff received from Defendant, and Plaintiff did not receive any other communication from Defendant within five days of this letter. *Id.* at ¶ 24–25.

Defendant's letter reads as follows:

> Re: Capital One Bank (USA), N.A., Assignee of
> HSBC BANK NEVADA N.A. RCS DIRECT
> MARKETING/ORCHARD BANK
> GLENN D GROSS
> Account No.: XXXXXXXXXXX 6461
>
> Dear GLENN D GROSS:
>
> Please be advised that this office represents Capital One Bank (USA), N.A., assignee of HSBC BANK NEVADA N.A. RCS DIRECT MARKETING/ORCHARD BANK in connection with your account.
>
> We have been advised that your account is in default. . . .
>
> If you have any questions concerning this matter or if you wish to arrange for payment, please contact our office at (888) 322-3922.

Exhibit A to Pl.'s Compl.

After the signature line, the letter states:

> IMPORTANT NOTICE CONCERNING YOUR RIGHTS
>
> THIS FIRM LYONS, DOUGHTY AND VELDHUIS, P.C. IS A DEBT COLLECTOR . . . . THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*Id.*

On April 1, 2018, Plaintiff filed a putative class action on behalf of all New Jersey consumers to whom Defendant mailed an initial debt collection communication. Pl. Compl. [Doc. No. 1]. In the complaint, Plaintiff argues that Defendant's letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA"). Plaintiff specifically charges that the letter violated the validated notices requirement under § 1692g(a)(2) for "failing to specify the name of the creditor to whom Plaintiff's debt was owed." Compl. ¶ 63 (citing § 1692g(a)(2)). The complaint focuses on two aspects of Defendant's letter: it included more than one entity affiliated with the alleged debt and it included the term "assignee." *See id.* Because

this allegedly failed to specify the name of the creditor to whom the debt was owed, Plaintiff demands declaratory judgment, injunctive relief, statutory and actual damages pursuant to 15 U.S.C. § 1692(k). Plaintiff also seeks costs and fees pursuant to 15 U.S.C. 1692(k) and Rule 23. *Id.* ¶¶ 16–17.

On May 25, 2018, Defendant filed the instant 12(b)(6) motion to dismiss Plaintiff's Complaint. Def.'s Mot. to Dismiss [ECF No. 15]. Defendant argues that Plaintiff has read § 1692g(a)(2) too narrowly and that the letter contains the requisite information pursuant to the FDCPA.

## II.  LEGAL STANDARD

### 1. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

2. **FDCPA**

Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* in 1977 to address the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress expressly stated that the FDCPA's purpose is to "eliminate abusive debt collection practices by debt collectors" and "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Because the FDCPA is a remedial statute, courts construe its language broadly. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).

To prevail on an FDCPA claim, a plaintiff must prove that (1) the plaintiff is a consumer, (2) the defendant is a debt collector, (3) the challenged conduct involves the defendant's attempt to collect a debt as statutorily defined, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Section 1692g(a)(2) describes the written notice requirement. Specifically, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any

debt, a debt collector shall . . . send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." *Id.* The statute also requires debt collectors to furnish "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5). As evinced by this statutory provision, an initial notice of debt only requires disclosure of the name of the current creditor. *See id.* The requirements of § 1692g(a), including creditor identification, ensure that consumers are notified of their rights in a timely manner. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) ("[T]he debt validation provisions of section § 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law.").

This Court analyzes § 1692g(a)(2) claims using the "least sophisticated debtor" standard. *Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 569–70 (D.N.J. 2012) (holding that "the Court is bound to review the [notice of debt] from the standpoint of the least sophisticated debtor"). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008). The Third Circuit described this standard in *Brown*:

> The least sophisticated debtor standard requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect all consumers, the gullible as well as the shrewd, the trusting as well as the suspicious, from abusive debt collection practices. However, while the least sophisticated debtor standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.

*Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (internal quotation marks and citations omitted). Courts must presume that the unsophisticated debtor has read a notice in its entirety and does so not only with a basic level of understanding but a willingness to read with some care. *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (citing *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007)). To determine whether a communication violates the least sophisticated debtor standard, this Court must look to the entire language of the communication viewed as a whole, and not its component parts. *See*, *e.g.*, *Campuzano-Burgos*, 550 F.3d at 300 ("Viewed as a whole, the settlement offers are not deceptive"); *Brown*, 464 F.3d at 453.

### III. DISCUSSION

Plaintiff asserts that Defendant's letter does not "clearly specify, in a manner in which the least sophisticated debtor could understand, the name of the creditor to whom the Debt was owed." Pl.'s Compl. ¶ 30. Specifically, Plaintiff argues that the letter does not effectively convey the name of the creditor because Defendant included the chain of title of the debt rather than providing the name of the current creditor alone. *See Id.* ¶¶ 24–43, 58–67. The thrust of Plaintiff's argument focuses on the letter's use of the word "assignee" and mention of more than two entities.

Few courts have considered whether stating that an entity is an assignee satisfies the creditor identification requirements of 1692g(a)(2). The inquiry before us therefore begins outside of the Third Circuit. In *Janetos v. Fulton Friedman & Gullace, LLP*, the Seventh Circuit addressed the sufficiency of a debt collection notice with an assignee under Section 1692g(a)(2). 825 F.3d 317 (7th Cir. 2016). There, Defendant's letter stated in the heading, "Re: Asset Acceptance, LLC Assignee of AMERISTAR." *Id.* at 320. The letter stated in the body, "Please

be advised that your above referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP." *Id.* The letter provided no additional information on the relationship between Asset Acceptance and Fulton, nor did it indicate who currently owned the debt. *Id.* The Seventh Circuit found that the letter failed to comply with Section 1692g(a)(2) because it did not identify Asset Acceptance as the current creditor or owner of the debt "clearly enough that the recipient would likely understand it." *Id.* at 321 (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F. 3d 944, 948 (7th Cir. 2004)). In addition, the Court found that the letter—especially its statement that the referenced account "has been transferred from Asset Acceptance, LLC, to Fulton, Friedman & Gullace, LLP"—failed to identify the *relationship* between the debt collection law firm and the named assignee of the account. *Id.* (emphasis added). Because the "recipient was left to guess who owned the debt following the 'transfer' of the 'account'" to the debt collector, the letter failed to comply with the creditor identification requirement of Section 1692g(a)(2). *Id.* at 321–22.

While this Court has not squarely considered the question of a notice letter identifying an assignee, we have considered 1692(a)(2) challenges based on the relationship between a debtor and a third-party. For example, in *Macelus*, we held that a notice letter sufficiently indicated that one party, Advanced Endoscopy & Surgical Center, LLC, hired the defendant to collect a debt incurred by the plaintiff. *Macelus v. Capital Collection Serv.*, No. 17-2025, 2017 WL 5157389, at *2 (D.N.J. Nov. 7, 2017). The letter there stated in the heading, "Account for: Advanced Endoscopy & Surgical Ctr, LLC," followed by "Service Date: 08/24/15" and "Balance Due: $351.00." *Id.* In the body, the letter further clarified the relationship of the parties. "This claim has been sent to us for collection. We request that you pay or dispute this debt directly with this office," and that "[t]his is an attempt to collect a debt by a debt collector." *Id.* In considering

this clear language, we held that the defendant's letter was "fair notice, readable, and obviously relating to an outstanding debt owed to the creditor Advanced Endoscopy & Surgical Ctr., LLC and whose recovery is sought by a debt collector." Id. at *9. We added, "there simply is no other way to read the letter." *Id.*

Here, Defendant's letter is sufficiently clear and complies with 1692g(a)(2). First, the letter states at the beginning, "Please be advised that this office *represents* Capital One Bank (USA), N.A. . . . ." Exhibit A to Pl.'s Compl. (emphasis added). The letter also says, "THIS FIRM LYONS, DOUGHTY AND VELDHUIS, P.C. IS A DEBT COLLECTOR . . . . THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT. . . ." *Id.* Unlike the letter in *Janetos*, Defendant's letter specifies the relationship between Defendant, the debt collector, and Capital One Bank (USA), N.A. as assignee of the debt, Defendant's client. *See Janetos*, 825 F.3d at 321. The Plaintiff here was therefore not "left to guess who owned the debt" because Defendant's letter clearly indicated that Defendant was the debt collector, whose "office represents Capital One Bank (USA), N.A. . . . ." *See id.* at 321–22. In addition, the letter here specifies the name of the creditor in both the subject line and the body of the letter and distinguishes the creditor's name from the chain of title of the debt by differentiating the capitalization. While this specification is not itself dispositive, such clear declarations support a finding that the content is "fair notice, readable, and obviously relating to an outstanding debt owed to the creditor . . . and whose recovery is sought by a debt collector." *See Macelus*, 2017 WL 5157389, at *9. Put simply, the letter complies with 1692g(a)(2) in that it provides the consumer a written notice clearly indicating "the name of the creditor to whom the debt is owed." *Id.*

A sister court in our circuit reached a similar conclusion when considering a seemingly identical letter to the one before the Court. In *Davis v. Lyons, Doughty & Veldhuis, P.A.*, the

United States District Court for the District of Delaware found that the defendants — the same Defendants in the instant case — sufficiently identified the current creditor. 855 F. Supp. 2d 279, 284 (D. Del. 2012). That letter, virtually indistinguishable from the one here, included the creditor's name in the subject line and began the letter with "Please be advised that this office represents Midland Funding LLC in connection with your account." *Id.* at 284–85. The *Davis* court, noting how the subject line highlighted the relationship of the parties, specifically found that this language was not deceptive. *Id.* The Court noted further that hold differently would improperly make all defendants liable for "bizarre or idiosyncratic interpretations of collection notices." *See Davis*, 855 F. Supp. 2d at 284–85.

Because Defendant's debt collection letter clearly identifies the current creditor, and Plaintiff does not allege that Defendant's letter violates any other provision of the FDCPA, Plaintiff's complaint fails to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For these reasons, this Court **GRANTS** Defendant's motion to dismiss Plaintiff's putative class action complaint for failure to state a claim.


Dated:  12/3/18                                                                                  s/ Robert B. Kugler
                                                                                                        ROBERT B. KUGLER
                                                                                                        United States District Judge